UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ALEJANDRA BARCENA,

    Plaintiff,

v.

JP MORGAN CHASE BANK, N.A.; et al.,

    Defendants.

3:11-cv-0880-LRH-VPC

ORDER

       Before the court is defendants JP Morgan Chase Bank, N.A. ("JP Morgan") and California Reconveyance Company's ("CRC") motion to dismiss (Doc. #2[1]) to which defendant LSI Title Agency, Inc. ("LSI") joined (Doc. #6). Plaintiff Alejandra Barcena ("Barcena") filed an opposition (Doc. #9) to which moving defendants replied (Doc. #10).

**I.    Facts and Procedural History**

       In April, 2004, Barcena purchased real property through a mortgage note and deed of trust originated by non-party Washington Mutual Bank, FA ("WaMu"). Eventually, Barcena defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

       Subsequently, Barcena filed a complaint against defendants alleging three causes of action: (1) unlawful or fraudulent foreclosure; (2) declaratory relief; and (3) injunctive relief. Doc. #1,

---

[1] Refers to the court's docket entry number.

Exhibit A. Thereafter, moving defendants filed the present motion to dismiss. Doc. #2.

**II.     Legal Standard**

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing

1  more than state a legal conclusion—even if that conclusion is cast in the form of a factual
2  allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to
3  dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be
4  plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

5  **III.    Discussion**

6      **A. Wrongful Foreclosure**

7      An action for wrongful foreclosure requires that, at the time of the foreclosure sale, the
8  plaintiff was not in breach of the mortgage contract. *Collins v. Union Federal Sav. & Loan Ass'n*,
9  662 P.2d 610, 623 (Nev. 1983). Here, it is undisputed that Barcena was in default on her mortgage
10 obligations so there can be no sustainable action for wrongful foreclosure.

11     Further, Barcena's claim is premature because the tort of wrongful foreclosure is ripe once a
12 power of sale has actually occurred and the foreclosure has been completed. *See Haley v. Elgen*
13 *Home Lending, LP*, 2010 WL 1006664, *1-2 (D. Nev. 2010). Therefore, the court finds that
14 Barcena fails to state a claim for wrongful foreclosure upon which relied can be granted.

15     **B.  Declaratory and Injunctive Relief**

16     Barcena's remaining causes of action for injunctive and declaratory relief are remedies that
17 may be afforded to a party after she has sufficiently established and proven her claims; they are not
18 separate causes of action. *See e.g., In re Wal-Mart & Hour Employment Practices Litig.*, 490 F.
19 Supp. 1091, 1130 (D. Nev. 2007) (holding that a claim for injunctive relief was not a separate cause
20 of action or independent ground for relief). Here, Barcena's claims fail to establish a claim for
21 relief. Accordingly, she is not entitled to her requested remedies.

22 ///
23 ///
24 ///
25 ///
26

1     IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #2) is

2 GRANTED. Plaintiff's complaint (Doc. #1, Exhibit A) is DISMISSED without prejudice.

3     IT IS SO ORDERED.

4     DATED this 28th day of March, 2012.

_____

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE